OPINION
{¶ 1} Defendant-Appellant appeals the sentence and conviction entered by the Stark County Court of Common Pleas on one count of possession of cocaine, following a trial by jury. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The undisputed facts are that on November 2, 2001, at approximately 2:20 a.m., Detective Bartolet and Officer Hilles of the Alliance City Police Department responded to a "fight in progress" call.
 {¶ 3} Upon arriving at the scene, the officers were informed by a group of people screaming that someone's purse had been stolen. (T. II at 146, 147, 156.)
 {¶ 4} Detective Bartolet testified that he observed Defendant-Appellant with a purse in hand, walking away from the group of people and he was asked Officer Hilles to stop Defendant-Appellant while they investigated further. Id.
 {¶ 5} Officer Hilles testified that as he was approaching Defendant-Appellant he saw him reach into his left front pocket and the throw something down on the ground, which was then discovered to be a glass crack pipe. (T. II at 157-158, 162).
 {¶ 6} Detective Bartolet also testified that he observed the Defendant-Appellant reach into his left front pocket but could did not see if he removed and/or discarded anything. (T. II at 147-148, 152-153).
 {¶ 7} Officer Hilles dropped the crack pipe which caused same to break, revealing what was later determined to be crack cocaine inside the pipe. (T. II at 162-163, 165, 174, 178), 185).
 {¶ 8} Appellant was arrested and charged with one count of Possession of Cocaine, in violation of R.C. § 2925.11(A), a felony of the fifth degree.
 {¶ 9} The matter proceeded to jury trial on January 25, 2002, with the jury returning a verdict of guilty on the same day.
 {¶ 10} Immediately following the verdict, the trial court sentenced Appellant to a term of imprisonment of 12 months. It was further ordered that Appellant's driver's license be suspended for five years.
 {¶ 11} Appellant filed a timely notice of appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR
I.
 {¶ 12} "APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE, IN VIOLATION OF OHIO REVISED CODE 2925.11(a), WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
II.
 {¶ 13} "THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14(C)."
 I. {¶ 14} In his first assignment of error, Appellant claims that the jury verdict was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} In reviewing whether a conviction is against the manifest weight of the evidence, our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v.Thompkins (1997), 78 Ohio St.3d 380, 387 (quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten (1986),33 Ohio App.3d 339, 340. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} Appellant, in the case sub judice, was convicted of one count of possession of cocaine violation of R.C. § 2925.11(A).
 {¶ 18} Based upon the evidence which is set forth in detail in the statement of facts, we cannot say that the jury lost its way so as to create a manifest miscarriage of justice.
 {¶ 19} At trial, the jury heard testimony from Detective Bartolet and Officer Hilles which supported the charge of possession of cocaine. The jury chose to believe said testimony.
 {¶ 20} Based on the foregoing, we find that appellant's conviction was not against the manifest weight and sufficiency of the evidence. The jury, as trier of fact, clearly found the witness to be credible.
 {¶ 21} Appellant's first assignment of error is, therefore, overruled.
 II. {¶ 22} In his Second Assignment of Error, appellant contends the trial court erred in imposing the maximum sentence. We disagree.
 {¶ 23} Revised Code § 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 24} We read this statute in the disjunctive. See State v.Comersford (June 3, 1999), Delaware App. No. 98CA01004, unreported, at 2. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
 {¶ 25} In the case sub judice, the trial court made all the required findings at the sentencing hearing as required by R.C. § 2929.14(C). The Court found that Appellant poses the greatest likelihood to commit future crimes. (T. II at 267).
 {¶ 26} At the sentencing hearing the trial court not only found that Appellant had served a previous prison term but found that Appellant, who is currently 47 years old, by his own admission has been in prison fourteen times and has been in jail more times than he can remember (T. II at 261-262, 264-267). The court also found that Appellant was not amenable to community control. (T. II at 266).
 {¶ 27} Upon review of the aforesaid and the remainder of the record of the sentencing hearing, we hold that the court made the required statutory findings before sentencing appellant to the maximum term. Cf. State v. Klink (Oct. 11, 2000), Richland App. No. 00-CA-16, unreported.
 {¶ 28} Appellant's second assignment of error is overruled.
 {¶ 29} The judgment of the Stark County Common Pleas Court is affirmed.
Boggins. J., Farmer, P.J., and Wise, J., concur.